```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

FRED IFILL, ET AL.,

                Plaintiff,

   - against -

STATE OF NEW YORK UNIFIED COURT SYSTEM, ET AL.,

                Defendants.

07-cv-7472 (JGK)

ORDER

**JOHN G. KOELTL, District Judge:**

The Court has received the attached request from Frank Runyeon of Law360 to unseal Docket No. 31, a submission made in this case in connection with a motion for summary judgment. Docket No. 31 is a declaration with numerous exhibits attached. Of those attachments, only Exhibits D, V, and W were filed under seal. The Court is advised that those attachments are not in the Court's files of this long-closed case and therefore there is nothing in the Court's files to be unsealed in response to this request.

**SO ORDERED.**

Dated:   New York, New York
           August 11, 2023

                                          John G. Koeltl
                                  United States District Judge



Portfolio Media, Inc.
111 W. 19th St., 5th Floor
New York, New York, 10011

August 11, 2023

Hon. John G. Koeltl
U.S. District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

## Request to release improperly sealed court records
*Re: Ifill v. New York State Court Officers Association, et al (1:07-cv-07472)*

Dear Judge Koeltl,

I am a journalist who covers New York state and federal courts for Law360, a legal news outlet.

In the course of reporting on misconduct in the New York State Unified Court System, I learned that parties in this case filed government records under seal, pursuant to a "Confidentiality Stipulation and Order" (Dkt. 11). However, I believe these documents belong in the public record.

First, the materials sought are judicial records, filed by the State of New York in support of a motion for summary judgment (Dkt. 31). As such, the press has a strong presumption of access to them. Lugosch v. Pyramid Co., 435 F.3d 110. As Your Honor's Individual Rules advise, "a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption in favor of public access."

Second, the stipulated protective order is deficient in that it fails to state any reason why the records must be kept confidential and further fails to identify any harm that may come from their disclosure.

Third, there is no record of any "good cause" showing to enter the protective order, as the rules require. Fed.R.Civ.P. 26(c). A district court abuses its discretion where it "makes neither factual findings nor legal arguments supporting the need for" the order. *Gulf Oil Co. v. Bernard, 452 U.S. 89* at 102.

Fourth, the state failed to file a motion to seal the records, denying the public an opportunity to be heard on the matter and denying the court an opportunity to consider the public's interest in access.

Fifth, the public interest in access to the documents at issue – which show how the state court system has handled internal misconduct – far outweighs any privacy interests of the State of New York, public officials, unions or the plaintiff, a former court officer who allegedly body slammed a juvenile prisoner.

For these reasons, I request that the court order these materials published on the docket. Given the *Lugosch* court's admonition to rule swiftly in public access cases, I ask the records be released forthwith.

Sincerely,

/s/ Frank G. Runyeon
LAW360
Senior Reporter, NY Courts
frank.runyeon@law360.com
C: 917-754-7479